**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DAMARIS MALDONADO-VINAS, *et al.*,<br><br>**Plaintiffs**,<br><br>**v.**<br><br>NATIONAL WESTERN LIFE INSURANCE CO.,<br><br>**Defendant.** | **Civil No.** 14-1192 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant National Western Life Insurance's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7). (Docket No. 11.) For the reasons explained below, the Court **DENIES** the motion to dismiss.

## I. BACKGROUND

### A. Factual Background as Alleged in the Complaint

On April 30, 2011, Carlos Iglesias-Alvarez ("Carlos Iglesias") submitted $1,467,500 with an annuity application to defendant National Western Life Insurance ("National Western"). (Docket No. 1 at ¶ 8.) Carlos Iglesias named his brother, Francisco Iglesias, as the annuity's beneficiary. Id. at ¶ 9. This annuity was signed by Marangelis Rivera, who represented herself as National Western's agent but who did not have an agent's license in the Commonwealth of Puerto Rico. Id. at ¶¶ 10-11, 20.

On May 2, 2011, Carlos Iglesias submitted another $1,467,500 with a second annuity application to National Western. (Docket No. 1 at ¶ 12.) This second annuity identified Carlos Iglesias as the annuitant and Francisco Iglesias as the owner and beneficiary. Id. at ¶ 13. Francisco Iglesias did not sign the second annuity application. Id. at ¶ 14.

Carlos Iglesias died on November 2, 2011. (Docket No. 1 at ¶ 15.) Damaris Maldonado-Viñas, Juan Carlos Iglesias-Maldonado, and Jose Carlos Iglesias-Maldonado (collectively, "plaintiffs") are Carlos Iglesias's widow and two surviving sons. Id. at ¶¶ 5-7. Plaintiffs first learned of the two annuities through discovery in a Puerto Rico court proceeding. Id. at ¶ 16.

Francisco Iglesias – Carlos Iglesias's brother who was named as the beneficiary of both annuities and the owner of the second annuity – is a resident of Madrid, Spain, and a citizen of Spain.[1] (Docket No. 11 at ¶ 5.) National Western paid Francisco Iglesias his claim benefits for both annuities on February 23, 2012, and March 13, 2012, sending checks for $1,643,600 and $1,500,000 directly to Francisco Iglesias's address in Spain. Id. at ¶ 11; Docket No. 11-1 at pp. 10-11.

[1] Defendant National Western provided the facts recounted in this paragraph. Plaintiffs state explicitly that they do not contest these facts. See Docket No. 12 at p. 2.

**B. Plaintiffs' Complaint**

On March 11, 2014, plaintiffs filed a complaint against National Western seeking $2,935,000, which is the amount Carlos Iglesias paid National Western for the two annuities. (Docket No. 1.) Plaintiffs allege: (1) that the first annuity is null and void because it was signed by a person fraudulently claiming to be a licensed agent, in violation of Puerto Rico law; (2) that the second annuity is null and void because it was never perfected insofar as the owner, Francisco Iglesias, never signed the application; and (3) that both annuities are null and void because the payment tendered with the annuity applications came from money of the conjugal partnership between Damaris Maldonado-Viñas and Carlos Iglesias, and Damaris Maldonado-Viñas never consented to the use of the funds for the annuities, as required by Puerto Rico law. Id. at ¶¶ 17-22.

**C. Defendant National Western's Motion to Dismiss**

Defendant National Western moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"). (Docket No. 11.) National Western alleges: (1) that pursuant to Federal Rule of Civil Procedure 19(a)(1), Francisco Iglesias is a required party to this action; (2) that joinder of Francisco Iglesias is not feasible because he is a citizen and resident of Spain who does not maintain regular contacts with Puerto Rico, and therefore the Court does not have personal

jurisdiction over him; and (3) that pursuant to Federal Rule of Civil Procedure 19(b), the Court should dismiss the action because the action cannot proceed "in equity and good conscience" in Francisco Iglesias's absence. Id. Defendant National Western submitted exhibits to support its motion to dismiss, including the two annuity contracts. (Docket Nos. 11-1 - 11-5.) Plaintiffs opposed the motion to dismiss, (Docket No. 12), and defendant National Western replied, (Docket No. 15).

**II. DISCUSSION**

Federal Rule of Civil Procedure 19 ("Rule 19") outlines a three-step approach to determine whether an action should be dismissed pursuant to Rule 12(b)(7) for failure to join a required party. Fed. R. Civ. P. 19. First, the Court determines whether the absent person is a "required party" to the action. Fed. R. Civ. P. 19(a)(1). If the person is required, then the Court ascertains whether joinder is feasible. Id. Finally, if the person is required and joinder is not feasible, then the Court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Rule 19 "calls for courts to make pragmatic, practical judgments that are heavily influenced by the facts of each case." Bacardi Int'l. Ltd. v. V. Suarez & Co., 719 F.3d 1, 9 (1st Cir. 2013). Courts "should keep in mind the policies that underlie

Rule 19, 'including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them.'" Picciotto v. Cont'l. Cas. Co., 512 F.3d 9, 15-16 (1st Cir. 2008) (citing Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982)).

**A. Rule 19(a)(1): Required Party**

Rule 19(a)(1) sets forth three tests, any one of which, if satisfied, results in deeming an absent person a required party. A person is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Court proceeds to apply each test to determine whether Francisco Iglesias is a required party to this action.

***1. Rule 19(a)(1)(A): Accord Complete Relief***

A person is a required party if, "in that person's absence, the court cannot accord complete relief among existing

parties." Fed. R. Civ. P. 19(a)(1)(A). The Court here can accord the relief that plaintiffs seek by voiding both annuities and ordering defendant National Western to return to plaintiffs the sum of the annuity premiums paid by Carlos Iglesias. Granting this relief does not require the presence of Francisco Iglesias, and defendant National Western advances no argument as to why it would. Thus, Francisco Iglesias is not a required party pursuant to Rule 19(a)(1)(A).

**2. *Rule 19(a)(1)(B)(i): Impair Absent Person's Ability to Protect his Interest***

A person is a required party if disposing of the action in the person's absence would "as a practical matter impair or impede" his ability to protect an interest he has in the litigation. Fed. R. Civ. P. 19(a)(1)(B)(i). A court's judgment is not legally enforceable against a nonparty. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 110 (1968). Accordingly, the parties here do not dispute that if Francisco Iglesias remains a nonparty and the Court issues a judgment voiding the annuities, that judgment will not bind Francisco Iglesias or compel him to return the annuity benefits that he received. (Docket Nos. 11 at p. 14; 12 at pp. 8-9.)

The appropriate inquiry is whether a judgment voiding the annuities would "*as a practical matter* impair or impede" Francisco Iglesias's ability to protect an interest he may claim in this case. See Fed. R. Civ. P. 19(a)(1)(B)(i) (emphasis

added). To this end, defendant National Western argues that if this Court, in Francisco Iglesias's absence, voids the annuities and orders National Western to return to plaintiffs the premiums paid by Carlos Iglesias, then Francisco Iglesias "will confront a claim to refund [the annuity benefits he collected] in the proper jurisdiction, while possibly facing the disadvantage that a decision by this Court, applying Puerto Rico law in his absence, could be deemed highly persuasive against him." (Docket No. 11 at p. 14.) The Court finds National Western's argument unpersuasive in light of plaintiffs' reasoned analysis on this point.

As plaintiffs explain, to prevail in this case, plaintiffs have to establish (1) that only licensed agents can legally sell annuities pursuant to Puerto Rico law, and an unlicensed National Western agent sold Carlos Iglesias the first annuity; (2) that annuity contracts are not perfected until the owner signs them, and National Western failed to get the owner's signature on the second annuity; or (3) that Carlos Iglesias's spouse's consent was necessary to purchase both annuities, and National Western failed to obtain this consent. (Docket No. 12 at p. 9.) In other words, based on plaintiffs' specific causes of action, the Court can void one or both annuities only if it finds that National Western illegally or negligently sold the annuities. Francisco Iglesias may actually *benefit* from such a ruling: if National Western brings a claim against Francisco Iglesias to

return the benefits he collected, Francisco Iglesias could possibly assert a defense that but for National Western's negligence, the annuities would have remained valid.

This case is easily distinguished from the three cases upon which defendant National Western relies. See Docket Nos. 11 at pp. 8-9; 15 at pp. 2-3. In Carbajal v. Dorn, No. CV-09-283-PHX-DGC, 2009 WL 3756694 (D. Ariz. Nov. 5, 2009), Belcher ex rel. Belcher v. Prudential Insurance Co. of America, 158 F. Supp. 2d 777 (S.D. Ohio 2001), and United States v. Fried, 183 F. Supp. 371 (E.D.N.Y. 1960), the respective district courts ruled that absent beneficiaries of life insurance policies were required parties in actions that sought to either change the named beneficiary (Carbajal and Belcher) or order that the cash surrender value of the life insurance policies be paid to the United States to satisfy the insured's arrears of income taxes (Fried). None of the defendant insurance companies in these three cases had already paid the absent beneficiaries their benefits. Therefore, even without *res judicata* effect, judgments changing the beneficiary or ordering that the policy funds be paid to someone else would have automatically diminished or extinguished the absent beneficiaries' vested interests in the insurance benefits. Here, because Francisco Iglesias has already received the annuity benefits, a judgment voiding the annuities in his absence would not automatically extinguish his right to the benefits. Thus, National

Western's reliance on Carbajal, 2009 WL 3756694, Belcher, 158 F. Supp. 2d 777, and Fried, 183 F. Supp. 371, is unpersuasive.

Defendant National Western raises a new argument in its reply to plaintiffs' opposition to the motion to dismiss. It avers that because Francisco Iglesias is the named "owner" of the second annuity, and thus a "direct party to the contract at hand," he must be a required party in this action to void the annuity. (Docket No. 15 at pp. 2-3.) The Court is unpersuaded by this argument. Pursuant to Article II, Section 2.1, of the annuity contract, the annuity owner may exercise his or her rights only "while the Annuitant is alive." (Docket No. 11-3 at p. 25.) All of Francisco Iglesias's rights as the "owner," therefore, terminated upon Carlos Iglesias's death. See id. at pp. 5, 25. Thus, Francisco Iglesias has no interest in this action to void the second annuity by virtue of his designation as the annuity's "owner."

Francisco Iglesias is not a required party pursuant to Rule 19(a)(1)(B)(i) because disposing of this action in his absence would not, as a practical matter, impair or impede his ability to protect any interest he may claim relating to the subject of this action.

### 3. *Rule 19(a)(1)(B)(ii): Risk of Double or Inconsistent Obligations*

A person is a required party if disposing of the action in his absence would "leave an existing party subject to a

substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendant National Western argues that a decision by the Court ordering National Western to return to plaintiffs the premiums paid by Carlos Iglesias would expose National Western to a risk of incurring inconsistent obligations "should another court deem that [Francisco Iglesias] need not [return the benefits] in open contradiction to a decision here." (Docket No. 11 at p. 9.) In raising this argument, however, defendant National Western ignores the distinction between inconsistent obligations and inconsistent adjudications or results that the First Circuit Court of Appeals has explicitly drawn in the Rule 19 context. "'Inconsistent obligations are not . . . the same as inconsistent adjudications or results,' because '[i]inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident.'" Bacardi Int'l. Ltd., 719 F.3d at 12 (quoting Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)). If the Court orders defendant National Western to return the premiums paid by Carlos Iglesias and another court rules that Francisco Iglesias does not have to return to National Western the benefits he received, National Western could comply with each order without breaching the other. Thus, National Western has failed to explain how it would

be subject to a risk of "inconsistent obligations," as the term is narrowly construed by the First Circuit Court of Appeals.

Although defendant National Western never argues that it would be subject to a risk of double obligations, the Court will address this point briefly. If the Court orders National Western to return the premiums paid and another court rules that Francisco Iglesias does not have to return to National Western the benefits he received, then National Western would certainly have paid out double on the annuities. But even this is not the "double obligation" that Rule 19(a)(1)(B)(ii) seeks to avoid. As the First Circuit Court of Appeals explains, "where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages." Delgado, 139 F.3d at 3. Any claim that defendant National Western may bring against Francisco Iglesias for a refund would involve a different cause of action and a different theory of recovery than those raised in this case. Therefore, disposing of this case in Francisco Iglesias's absence would not subject National Western to a risk of double obligation.

Thus, Francisco Iglesias is not a required party pursuant to Rule 19(a)(1)(B)(ii) because disposing of this action in his absence would not leave defendant National Western "subject

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."

**B. Francisco Iglesias Is Not a Required Party**

Having not met any of the three tests set forth in Rule 19(a)(1), the Court concludes that Francisco Iglesias is not a required party to this action. This ends the Rule 19 analysis. The Court need not determine whether joinder would be feasible or whether the action should proceed or be dismissed pursuant to Rule 19(b).

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** defendant National Western's motion to dismiss pursuant to Rule 12(b)(7).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 10, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE