IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAMARIS MALDONADO VIÑAS, et al.,<br><br>Plaintiffs,<br><br>    v.<br><br>NATIONAL WESTERN LIFE INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 14-1192 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case tells the tale of two annuities purchased in 2011 by Carlos Iglesias-Alvarez ("Carlos")[1] from Defendant National Western Life Insurance Company ("NW"). The funds Carlos used to purchase the annuities belonged to the conjugal partnership comprised between him and his wife, Plaintiff Damaris Maldonado Viñas, while the beneficiary of both annuities was his brother, Francisco Iglesias-Alvarez, a resident and citizen of Spain ("Francisco"). At the end of 2011, Carlos passed away and Francisco collected approximately $3 million dollars from both annuities unbeknownst to his widow or their sons José Carlos Iglesias Maldonado and Juan Carlos Iglesias Maldonado (collectively with Mrs. Maldonado-Viñas, "Plaintiffs"), as Carlos failed to tell any of them about the annuity purchases. Plaintiffs have since brought this suit to collect what they believe is rightfully theirs.

Early on in the case, the previous presider ruled that Francisco was not a necessary

---

[1] Like the Court of Appeals for the First Circuit, this Court uses "Carlos" and "Francisco" to distinguish between the two brothers, who for this reason, share the same last names.

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page 2
_____

party in the instant case. (Docket No. 25). The Court of Appeals for the First Circuit found otherwise by holding that Francisco was a necessary party pursuant to Fed R. Civ. P. 19 (a) and could not feasibly be joined due to lack of jurisdiction over him. It therefore remanded the case to this Court to determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed", pursuant to Fed. R. Civ. P. 19 (b). (Docket No. 90). The parties then filed their submissions on this issue.[2]

For the reasons set forth below, the Court finds this case cannot proceed without Francisco and must be dismissed.

## LEGAL ANALYSIS

The Court of Appeals for the First Circuit concluded that Francisco is a necessary party to this case. As such, the Court's role now is limited, namely, to examine the requirements of Fed. R. Civ. P. 19(b) and apply them to the facts of this case.

Fed. R. Civ. P. 19(b) states:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

---

[2] Docket Nos. 99, 101, 102, 103, 105, 106, and 107.

Case 3:14-cv-01192-CVR   Document 110   Filed 08/06/18   Page 3 of 9

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page 3
_____

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.   Fed. R. Civ. P. 19(b).

Fed. R. Civ. P. 19 advances several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108-110, 88 S.Ct. 733, 737-738 (1968).

Furthermore, the specified factors are not exhaustive, and the Court may consider other factors in determining whether or not to proceed without the absent party if they are relevant to the "equity and good conscience" issue. Fed. R. Civ. P. 19, advisory committee note ("The factors … are not intended to exclude other considerations which may be applicable in particular situations."). In the end, this indispensability analysis involves "the balancing of competing interests" and, as the Court of Appeals for the First Circuit noted in this case, "must be steeped in pragmatic considerations." In re Olympic Mills Corp., 477 F.3d 1, 9 (1st Cir. 2007) (citing Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 635 (1st Cir.1989)).

Plaintiffs aver that the case must be continued without Francisco, insofar as they have no other forum in which to bring their claims, and that any prejudice Francisco may suffer, as a result of not being present in the case, is outweighed by the fact that Plaintiffs

would be left without such a forum.

In turn, Defendant posits that a judgment rendered against Francisco would be prejudicial, inadequate and incomplete, insofar as he would be unable to defend his interest in the annuities moneys, which according to NW, are rightfully his. Regarding an alternate forum in which Plaintiffs may litigate this case, Defendant argues that Texas is a "plausible" forum because NW is headquartered there. Defendant asserts that, since Francisco personally and voluntarily reached out to NW to collect the benefits of the two annuities, this constitutes purposeful availment of the Texas forum and he should have expected to be sued there. Interestingly, Defendant also contends that "any outstanding controversy between Plaintiffs and Francisco Iglesias-Alvarez could be resolved in the recently filed local case regarding the inheritance." (Docket No. 101, p. 14).

Plaintiffs insist over the non-availability of an alternate forum for them and argue that mailing a claim form is insufficient to establish the minimum contacts necessary in order for the Texas' courts to have jurisdiction over Francisco, and therefore a transfer of this case to Texas should be discarded.

Regarding the first factor of Fed. R. Civ. P. 19 (b), existing prejudice to Francisco or NW, the Court finds it is squarely present. The Court of Appeal for the First Circuit stated as much, holding that Francisco was an indispensable party insofar as "National Western might have to 'pa[y] out double on the annuities,' and there is a *substantial risk* that this would occur if Francisco was not joined." (emphasis added) (Docket No. 90, p. 10). As such, the Court of Appeals for the First Circuit held that Francisco was a person

Case 3:14-cv-01192-CVR   Document 110   Filed 08/06/18   Page 5 of 9

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page 5
_____

required to be joined if feasible under Fed. R. Civ. P. 19 (a) (and citing to cases to stand for the same proposition). It would then seem, that the Court of Appeals for the First Circuit has already found that there would be prejudice to both Francisco and NW if Francisco were not part of the case. The annuity moneys are the central and pivotal factor here, insofar as an absent party, Francisco, has them, and NW claims they must be reimbursed to it before it can pay Plaintiffs. Francisco is therefore a necessary party to the extent that he must be able to defend his monetary interest in the annuities that Plaintiffs are seeking NW to reimburse to them. See Provident Tradesmens Bank & Trust Co., 390 U.S. at 108-11 (holding that under Rule 19(b), the interests of the outsider party must be considered); H.D. Corp. of Puerto Rico v. Ford Motor Co., 791 F.2d 987, 993 (1st Cir. 1986) (applying the criteria of Rule 19(b) and holding that the non-diverse defendant had a substantial interest in the outcome of the dispute and therefore the litigation could not continue without him) and Republic of Philippines v. Pimentel, 553 U.S. 851, 870, 128 S. Ct. 2180, 2192 (2008) ("Conflicting claims by beneficiaries to a common trust present a textbook example of a case where one party may be severely prejudiced by a decision in his absence") (*quoting* Wichita & Affiliated Tribes of Okla. v. Hodel, 788 F.2d 765, 774 (C.A.D.C. 1986)).

The first factor feeds into the second and third factors, whether such prejudice can be lessened, and whether a judgment in Francisco's absence would be adequate. The Court is not convinced that it can lessen the prejudice Francisco would suffer by an adverse ruling in his absence. Any ruling made by this Court that prejudices him (and

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page 6
_____

NW), cannot, by definition, be an "adequate" remedy. Furthermore, a judgment in Francisco's absence would be unsatisfactory because the parties have an interest in avoiding multiple litigation and inconsistent relief. See Provident Tradesmens Bank & Trust Co., 390 U.S. at 108-11. The Supreme Court has held that complete, consistent and efficient settlement of the controversies is in the interest of both the courts and the public, and further, that "adequacy" refers to the "public stake in settling disputes by wholes, whenever possible." Id. "This 'social interest in the efficient administration of justice and the avoidance of multiple litigation' is an interest that has 'traditionally been thought to support compulsory joinder of absent and potentially adverse claimants.' " Republic of Philippines, 553 U.S. at 870, 128 S. Ct. at 2193 (*quoting* Illinois Brick Co. v. State of Illinois, 431 U.S. 720, 737-738, 97 S.Ct. 2061 (1977). If Francisco cannot be joined now and this case continues without him, there is a strong possibility of the likelihood of multiple litigation, multiple obligations, and inconsistent relief, as implied by the First Circuit. See Republic of Philippines, 553 U.S. at 870-71, 128 S. Ct. at 2193 (going forward with the action without necessary parties would not further the public interest in settling dispute because absent parties would not be bound by the judgment).

The last factor of the Fed. R. Civ. P. 19 analysis asks whether Plaintiffs have an adequate remedy if the action is dismissed. Plaintiffs forcefully concentrate their main prejudice argument on this particular factor, and state that, in all the cases cited by NW regarding the potential persuasive effect of a judgment on an absent party are inapposite because, "unlike here, the plaintiff had an alternative forum, and so none of those courts

<u>Damaris Maldonado Viñas v. National Western Life Insurance Company</u>
Civil No. 14-1192 (CVR)
Opinion and Order
Page 7
_____

faced the disquieting prospect of depriving a plaintiff of access to a court." (Docket No. 102, p. 2).

However, it turns that there is a forum which could obtain jurisdiction over all parties in the instant case after all, to wit, the court of the Commonwealth of Puerto Rico. While this may not be Plaintiffs' first choice, it is nevertheless adequate to address the claims raised in the case at bar. <u>Cf</u>. <u>Republic of Philippines</u>, 553 U.S. at 872 ("Dismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims").

The Commonwealth of Puerto Rico court could obtain jurisdiction over NW, insofar as NW does business in Puerto Rico and filed an interpleader in one of Plaintiffs' state court inheritance-related claims. NW has therefore purposefully availed itself of the state laws and services. The Commonwealth of Puerto Rico court could also obtain jurisdiction over Francisco inasmuch as he filed in said court a case contesting Plaintiffs' declaration of heirs. This action also constitutes purposeful availment of the privilege of conducting activities within the forum state. <u>See</u> <u>General Contracting & Trading Co., LLC v. Interpole, Inc.</u>, 940 F.2d 20 (1st Cir. 1991) (use of a state's courts constitutes a purposeful availment of the state's facilities, enough to subject a party to *in personam* jurisdiction). The logical course then, is to proceed in a forum where Francisco may be joined and defend his interests in the funds NW seeks to reclaim. <u>B. Fernández & HNOS, Inc. v. Kellogg USA, Inc.</u>, 516 F.3d 18, 27 (1st Cir. 2008) (*quoting* <u>Freeman v. Northwest Acceptance Corp</u>., 754 F.2d 553, 559 (5th Cir. 1985) (finding absentee indispensable

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page 8
_____

where absentee "becomes more than a key witness whose testimony would be of inestimable value"). Finally, the Commonwealth of Puerto Rico court could obviously obtain jurisdiction over Plaintiffs as residents of Puerto Rico. Therefore, litigating the dispute in the Commonwealth of Puerto Rico court, a forum where all parties seem to be able to participate, will lead to the most complete and efficient disposition of the issues in the instant case, particularly considering that Francisco, the necessary party here, is currently engaged in litigating inheritance-related matters arising from Carlos' death against Plaintiffs. However, the final decision as to whether the court of the Commonwealth of Puerto Rico has jurisdiction over all the parties and to entertain this action eventually lies in said court.

In the alternative, if the court of the Commonwealth of Puerto Rico ultimately finds in due course that it lacks jurisdiction over this case, Plaintiffs may consider filing their claims in the Texas' courts, which could obtain jurisdiction over NW and Francisco, as proposed by NW. The Court does not reach this issue herein inasmuch as there is not enough evidence on the record to make this determination.

In sum, the Court of Appeals for the First Circuit found that Francisco, a necessary party, cannot be joined in this action. Upon remand, and after considering the factors under Fed. R. Civ. P. 19 (b) step, this Court now finds that the case cannot in good conscience proceed without Francisco and must be dismissed. H.D. Corp. of Puerto Rico, 791 F.2d at 992.

For the aforementioned reasons, the Court hereby DISMISSES WITHOUT

Case 3:14-cv-01192-CVR   Document 110   Filed 08/06/18   Page 9 of 9

Damaris Maldonado Viñas v. National Western Life Insurance Company
Civil No. 14-1192 (CVR)
Opinion and Order
Page  9
_____

PREJUDICE this case.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 6th day of August, 2018.

                                      S/CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ RIVE
                                      UNITED STATES MAGISTRATE JUDGE